IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jawanza Rasid Brockington, | ) | CIVIL ACTION NO. 9:15-1008-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Director Nadia Pressly and | ) | |
| Lt. Nick Murray, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at the Williamsburg County Detention Center (WCDC), alleges that his constitutional rights were violated because he was served food to which he is allergic. Plaintiff also appears to allege that the Defendants ignored his complaints that he was or is having chest pains.

    The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on July 8, 2015. Plaintiff also filed some grievance forms on July 23, 2015, and had previously filed a "Declaration" on April 29, 2015, all of which have been considered by the Court. The Defendants filed their own motion for summary judgment on July 24, 2015, along with a response to Plaintiff's motion for summary judgment, and as the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 27, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

    Plaintiff responded by filing another motion for summary judgment on July 30, 2015, with attached affidavit. He also filed what the Court has construed as being a response in opposition



to the Defendants' motion for summary judgment on August 3, 2015, as well as another motion for summary judgment on September 9, 2015.

These motions are all now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint,[2] in toto, as follows:

> For one - I complained to Director Nadia Pressly about my complaints through grievances and I didn't get no response! For two - the nurse was informed through me verbally and in writing through a sick call about me being allergic to seafood, and anything with ketchup or tomato's in it, and about my chest pain that I was complaining about over 3 months constantly.
>
> Third - the kitchen workers denied to feed me anything in replace of the ketchup/tomato based food, and it resulted in me not eating!
>
> Mrs. Kiala Fulton was the officer working the block on 2/24/15[.] Officer Lee worked 2/17/15[.]
>
> Lt. Nick Murray was the officer I spoke with 2/23/15 and refused to sign my grievance for or let me speak to a captain or the Director[.]

Plaintiff seeks monetary damages.

Plaintiff has attached to his Complaint a copy of an Inmate Grievance/Request form dated February 24, 2015, wherein he complains to "Director Nadia Pressly" about his seafood and ketchup allergies, and about the food he is getting instead, such as a "plate of cold fries". Plaintiff has also attached a second Inmate Grievance/Request form dated February 25, 2015 wherein Plaintiff

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



generally makes these same complaints.³  See generally, Plaintiff's Verified Complaint, with attached Exhibits.

Plaintiff's filing of July 23, 2015 includes some grievances addressing some of these same complaints.  See, Plaintiff's Exhibits (Grievances).  In his "Declaration" filed April 29, 2015, Plaintiff "attests" that he has been complaining about being allergic to seafood and anything with tomatoes in it since September 15, 2014, but that the "Nurse" said she was not getting copies of Plaintiff's grievances or sick call slips.  Plaintiff states that he talked with the Defendant Pressly about this problem, and that he had "invoke[d] [his] right to get a meal I am entitled to have, by flooding my cell out with water".  Plaintiff states that he was placed on fourteen days "lock down" for his actions.  Plaintiff further states that he finally "started getting served something without tomatoes in it" on April 14, 2015, noting however that this was after he had filed this lawsuit.  See generally, Plaintiff's "Declaration".

In support of summary judgment in this case, the Defendant Nadia Pressley⁴ has submitted an affidavit wherein she attests that she is the Director of the WCDC, where Plaintiff has been housed as a pre-trial detainee since September 15, 2014.  Pressley attests that Plaintiff has been a detainee at the WCDC previously, and that during his health screenings upon his initial bookings on those dates, he only mentioned having a seafood allergy.  Pressley further attests that Plaintiff was a detainee for approximately five months before he ever suggested that he was "allergic" to tomatoes/ketchup-based food.  Pressley also attests that Plaintiff was placed on "lock-down" on

---

³Plaintiff has also attached to his Complaint an Inmate Grievance/Request form discussing a money order that was supposed to be in his account, together with an attached account summary. The reason for these exhibits is unclear, as Plaintiff has made no allegations about his inmate account.

⁴Correct spelling of Defendant's last name.

- 3 -



February 25, 2015, for flooding his room, not for complaining about receiving tomato/ketchup-based food.

Pressley attests that the policy for detainees to receive a diet consistent with a food allergy is 1) that the detainee provide proof of the allergy from an outside doctor, or 2) be granted a special diet by order of the medical personnel of the WCDC. Pressley attests that she spoke with both the Plaintiff and "Capt. Scott" regarding this policy on February 27, 2015, and that Plaintiff was provided a diet free of tomatoes/ketchup-based food as of April 4, 2015 in accordance with this policy. See generally, Pressley Affidavit.

The Defendants have also provided documentary evidence in support of Pressley's affidavit and for dismissal of this case. In a Medical Staff Receiving Screening form dated October 19, 1988, the only allergy listed by the Plaintiff is to seafood. In a Medical Staff Receiving Screening form dated March 20, 2013 Plaintiff indicated that he was only allergic to seafood. In a special medical diet ordered dated March 22, 2013, it is again indicated that Plaintiff's only allergy is seafood. On a McLeod Regional Medical Center form dated August 14, 2014, under "allergies", the only notation is "NKDA",[5] while on a "post op" note dated September 2, 2014, under "allergies", only Percocet and "stomach upset" are listed. In a Medical Staff Receiving Screening form dated September 15, 2014, Plaintiff states that he is not allergic to any medications, foods or plants. In an Admission Data/History and Physical form dated October 24, 2014, Plaintiff lists his allergies as being "seafood" and "Percocet". In a WCDC incident report dated February 24, 2015, it is noted that Plaintiff flooded his cell and told the responding officers that he would continue to do so until he "gets his meal and some answers . . . .". Plaintiff received a fourteen day lock-down

---

[5] No Known Drug Allergies.



because of this incident. In a Sick Call Slip-Medical Request dated March 2, 2015, Plaintiff complains about being fed things with ketchup/tomato in it, stating that he has had this problem "since forever". The progress note attached this document states: "It has been explained to inmate that per the MD no diet change due to muliple screening forms signed by inmate that the only allergy he has is seafood. Hospital records do not [illegible] any allergies either . . . . unable to provide doctor to verify the tomato allergy". The Defendants have also attached copies of several of Plaintiff's grievance forms, and a final special medical diet order dated April 14, 2015 where under "other" it is listed "no tomatoes". See generally, Defendants' Exhibits.

In his motion for summary judgment filed July 30, 2015 Plaintiff states that he "can't help the fact that information was never documented properly", and that with respect to the Defendants' argument that he has not suffered any cognizable harm, that the reason he "never suffered any adverse reaction to tomato/ketchup-based food [was that he] never ate on the days those foods are/were served . . . .". In an affidavit attached to that filing, Plaintiff states that he "complained about these food allergies since day one of being incarcerated". With respect to being placed on lock-down on February 24, 2015, Plaintiff states that "it was for being denied dinner cause I couldn't eat spaghetti". Plaintiff also complains that he never saw a doctor until he "got a shot, leaving me with severe lung damage and crack left shoulder blade".[6] Finally, Plaintiff states that when he spoke with the Defendant Pressley and "Capt. Scott" on February 21, 2015, they "wanted to know how long I had the allergy [illegible] and was I just wanting something different or couldn't I just east tomato/ketchup-based foods". See generally, Plaintiff's Affidavit.

---

[6]This statement in Plaintiff's affidavit does not appear to relate to any of his claims in this lawsuit.



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

Since Plaintiff is a pre-trial detainee, his claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). However, for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care and/or his conditions of confinement meet constitutional muster is essentially the same as that of a convicted prisoner. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]; Estate of Miller, ex. Rel. Bertram v. Tobiasz, 680 F.3d 984, 989 (7th Cir. 2012)["The



same standard applies for determining claims of deliberate indifference to the serious medical conditions of pretrial detainees and incarcerated individuals, though pursuant to the Fourteenth Amendment for pretrial detainees rather than the Eight Amendment."]; Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) [stating that medical care claims for pretrial detainees arise under the Fourteenth Amendment]. Plaintiff has failed to present any evidence to show a violation of his constitutional rights under the Fourteenth Amendment.

First, to the extent Plaintiff is even asserting a medical claim,[7] in order to avoid summary judgment Plaintiff would need to have submitted evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Plaintiff has failed to submit any such evidence, or indeed to really even discuss this issue other than the one conclusory sentence in his Complaint that he had complained about chest pains. Although the medical forms that have been submitted as exhibits in this case do indicate that Plaintiff suffers from asthma, Plaintiff has presented no medical evidence to show he has any kind of heart problem or had or has a problem with chest pain.

As such, Plaintiff's complaint about not receiving an adequate or appropriate response to his complaints of chest pains fails because he has provided no evidence to show that he had any medical condition that required immediate attention for this complaint or that either of these two

---

[7]As previously noted, the only time a medical issue is raised in the Complaint is when Plaintiff states that he had complained "about my chest pain that I was complaining about over 3 months constantly".



Defendants would have even been responsible for any such treatment. Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. at 837; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]. Neither of the individuals named as Defendants in this case are alleged to be medical personnel, and there is simply no evidence on which to allow a constitutional claim for deliberate indifference to a serious medical need as to either of these two Defendants to go forward based on Plaintiff's bare-boned and unsubstantiated statement. Cf. Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise of medical personnel]; see Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188-1189 (11th Cir. 1994)["An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"], overruled in part by Hope v. Pelzer, 536 U.S. 730, 739 n. 9 (2002).  Therefore, to the extent Plaintiff even intended to assert a medical indifference claim relating to "chest pains" in his Complaint, it is without merit and should be dismissed.

    With respect to Plaintiff's complaint about having received a diet that included ketchup or tomato-based foods or products, Plaintiff has provided no evidence whatsoever to support his claim that the food service itself, or the actual food that he received, violated his constitutional rights.  The Defendants have submitted substantial documentary evidence to show that Plaintiff had



never even claimed to have an allergy to ketchup or tomato-based foods until shortly before this lawsuit was filed on March 2, 2015.[8]  Even then, other than Plaintiff's own conclusory and self serving assertions, he has presented no evidence whatsoever to show that he actually has a ketchup or tomato-based food allergy.  House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim];  Green, 100 Fed.Appx. 45 (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]).  Indeed, many of the documentary exhibits provided indicate that the Defendants were wanting to know why Plaintiff was suddenly claiming an allergy to ketchup or tomato-based food products when he had not done so previously.  Cf. Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009)[For diet claim, prisoner must show Defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not]; Bailey v. Kitchen, No. 08-141, 2009 WL 102534, at * 3 (D.S.C. Jan. 12, 2009)["Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents"]; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations].

In any event, the evidence reflects (and Plaintiff even concedes) that he is now receiving the food restriction he requested, and he has provided no evidence to show that he suffered any harm in the intervening period between when he first started requesting a ketchup/tomato-based

---

[8]The Complaint is dated even earlier, February 25, 2015.



food restriction and started receiving food with this restriction. See <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical or mental injury is inadequate to survive a motion for summary judgment]. Plaintiff himself even acknowledges in his memorandum filed on July 30, 2015 that he did not suffer any harm as a result of this alleged deprivation. See <u>Holley v. Johnson</u>, No. 08-629, 2010 WL 2640328 at * * 9-15 (W.D.Va. June 30, 2010)[noting that while excessive force claim does not require showing of a significant injury, condition of confinement claim does]. This claim is therefore without merit.

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motions for summary judgment be **denied**, that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 15, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

